IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANICQUA BRYANT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2957 |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **CHILDREN & YOUTH,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Plaintiff Shanicqua S. Bryant, proceeding *pro se*, brings this action against Defendant Montgomery County Children and Youth for alleged violations of her civil rights. Currently before the Court are Bryant's Complaint (ECF No. 2) and her Motion to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Bryant leave to proceed *in forma pauperis* and dismiss her claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

The sole Defendant Bryant names in her Complaint is the Montgomery County Office of Children and Youth ("OCY").[1] Bryant asserts that on April 9, 2022 she filed a complaint with OCY against the Pottstown School District naming the nurse and the principal at Pottstown High School for their alleged failure to provide proper medical treatment to her son.

By way of background, Bryant describes how on April 7, 2022 her son was assaulted at Pottstown High School and knocked unconscious, suffering several lacerations which required

---

[1] Bryant misidentified this Defendant in her Complaint as "Montgomery County Children and Youth."

stiches. Bryant claims that the school failed to provide her son with "proper medical attention." Bryant specifically notes her son was "sent back to class with an ice pack to his mouth that was constantly dripping with blood" and that the "school did not call an ambulance or police." The school nurse did call Bryant, although Bryant alleges the nurse did not inform her of the full extent of the injuries.

Dissatisfied with the medical treatment the school provided for her son after the assault, Bryant turned to OCY and asked that OCY "investigate [her] claim against the school for medical negligence." Bryant alleges that she was initially told by "Investigator Laura" that "it would take 60 days," but after several weeks Bryant called for an update and learned that this investigator "did nothing." Bryant asserts that she then asked for a supervisor and an individual named Michelle "took over the investigation."

Approximately a week later, Bryant learned that OCY "found" the school "not liable" on her claims of neglect "but under a different statute."[2] Bryant asserts that she asked Michelle about why the "rules are different" for the school as compared to Bryant, asking what would happen if the roles were reversed and the school had called OCY on Bryant instead. Bryant reports that Michelle said in such a circumstance, OCY would open a case, contact Bryant, and make her take her son to the hospital. Bryant claims that two days later, she received a letter informing her that she was being investigated for claims of physical abuse. Bryant alleges that this is a "clear violation based on discrimination" because "they are white officials and [she] is black and the rules that apply to [her] didn't apply to them." Based on these allegations, Bryant seeks damages in the amount of $100,000.

---

[2] It is unclear what Bryant means by this from her Complaint.

## II. LEGAL STANDARDS

The Court will grant Bryant leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As Bryant is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The Court understands Bryant to be bringing civil rights claims under 42 U.S.C. § 1983[3] against OCY for: (1) failing to investigate the Pottstown School District for medical neglect; and (2) opening a child abuse investigation against her in retaliation.[4] Section 1983 is the vehicle by which constitutional claims may be brought in federal court. "To state a claim under § 1983, a

---

[3] In light the fact that Bryant is a *pro se* litigant, the Court "remain[s] flexible" and will "apply the relevant legal principle even when the complaint has failed to name it." *See Vogt*, 8 F.4th at 185 (citation omitted). While Bryant asserts that the "Civil Rights Act of 1964" and "Discrimination" are the "rights" at issue in this case, the allegations of the Complaint demonstrate that Bryant's claims are more accurately construed under Section 1983.

[4] The Court does not read Bryant's Complaint to raise any claims on behalf of her minor son. It appears that she seeks to bring claims solely on her own behalf. However, to the extent Bryant does seek to raise claims on behalf of her minor child, she is prohibited from doing so. A *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than herself. Accordingly, because Bryant is appearing *pro se* and her Complaint does not demonstrate she is an attorney, she may not bring claims on behalf of her minor child. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991).

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  To state a Section 1983 claim against a municipality, a plaintiff must allege that a municipal policy or custom caused the claimed constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

In this case, Bryant primarily seeks to challenge OCY's alleged failure to conduct an investigation of her claims that the nurse and principal at Pottstown High School were negligent and provided her son with inadequate medical care after he was assaulted at school.  Bryant's Complaint, however, fails to state a plausible claim under Section 1983 on this issue because there is no free-standing right to a government investigation.  *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (citation omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

Bryant also appears to assert a separate, but related claim, alleging that OCY initiated a child abuse investigation against her, possibly as a form of retaliation because Bryant sought an investigation into the school.  In order to state a plausible First Amendment retaliation claim under Section 1983, Bryant must allege that: "(1) [s]he engaged in 'constitutionally protected conduct,' (2) the defendant engaged in 'retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights,' and (3) 'a causal link [existed] between the constitutionally protected conduct and the retaliatory action.'"  *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (citation omitted).  The constitutionally protected

4

conduct must be a "substantial or motivating" factor in the retaliatory action.  *Malone v. Econ. Borough Mun. Auth.*, 669 F. Supp. 2d 582, 600 (W.D. Pa. 2009).

Bryant's Complaint fails to allege sufficient facts to state a plausible claim for retaliation.  She does not assert sufficient facts to establish that she engaged in constitutionally protected conduct when she contacted OCY and sought an investigation into her son's medical treatment at school.  Even assuming her conduct was protected, Bryant's retaliation claim still fails as she has not sufficiently set forth facts demonstrating that her conduct was a substantial factor for the adverse action.  *Cf. Randolph-Ali v. Steelton Police Dep't*, 2016 WL 11270010, at *12-*13 (M.D. Pa. Nov. 3, 2016), *report and recommendation adopted*, 2017 WL 192157 (M.D. Pa. Jan. 18, 2017) (dismissing *pro se* plaintiff's First Amendment retaliation claim that defendants initiated a child abuse investigation against her in retaliation for her previous legal disputes against the municipality and its officials for failure to state a claim).

Additionally, Bryant has failed to identify a policy or custom of OCY that caused the alleged violation of her rights in this case, meaning she fails to satisfy the demands of *Monell*.  *See, e.g.*, *Rose v. Adams Cnty.*, 2014 WL 1321112, at *6 (M.D. Pa. Apr. 1, 2014) (treating a county children and youth services agency as subject to *Monell*'s limitations on municipal liability); *Pickel v. Lancaster Cnty. Child. & Youth Soc. Servs.*, 2020 WL 5820798, at *11 (E.D. Pa. Sept. 30, 2020), *aff'd*, 2021 WL 4168152 (3d Cir. Sept. 14, 2021) (dismissing claims against county children and youth social services agency at summary judgment for failure to comply with *Monell*'s requirements).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Bryant leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As it appears that any attempt to amend her claims against OCY would be futile, the Court will dismiss Bryant's claims with prejudice, and she will not be granted leave to amend. *See Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015) (affirming dismissal with prejudice pursuant to Section 1915(e)(2)(B)(ii)).

An appropriate Order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**